**WO**                                                                                                                           KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Herlindo Fuentes-Ramos,              )     No. CV 07-0098-PHX-SMM (JRI)
                                     )
     Plaintiff,                     )     **ORDER**
                                     )
vs.                                  )
                                     )
Joseph Arpaio,                       )
                                     )
     Defendant.                     )
                                     )

Plaintiff Herlindo Fuentes-Ramos, who is confined in the Maricopa County Towers Jail, has filed a *pro se* civil rights Complaint[1] pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Arpaio to answer the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).

---

[1] Many Maricopa County inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1 The Court will assess an initial partial filing fee of $16.75. The remainder of the fee will be
2 collected monthly in payments of 20% of the previous month's income each time the amount
3 in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate
4 Order requiring the appropriate government agency to collect and forward the fees according
5 to the statutory formula.

6 **II.    Statutory Screening of Prisoner Complaints**

7 The Court is required to screen complaints brought by prisoners seeking relief against
8 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
9 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
10 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
11 be granted, or that seek monetary relief from a defendant who is immune from such relief.
12 28 U.S.C. § 1915A(b)(1), (2).

13 **III.   Complaint**

14 Plaintiff names Maricopa County Sheriff Joseph Arpaio as Defendant to the
15 Complaint. Plaintiff alleges three grounds for relief: (1) Towers Jail is severely overcrowded
16 in violation of the Eighth and Fourteenth Amendments; (2) because of overcrowding, inmates
17 have limited access to the day room in violation of the Eighth and Fourteenth Amendments;
18 and (3) inmates are subjected to excessive noise in violation of the Eighth and Fourteenth
19 Amendments. Plaintiff seeks injunctive relief and money damages.

20 Plaintiff further alleges that Maricopa County Sheriff Joseph Arpaio is liable because
21 he sets the policies and procedures at the jail. These allegations adequately state a claim, and
22 the Court will require an answer to the Complaint.

23 **IV.   Warnings**

24 **A.    Release**

25 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
26 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
27 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
28 in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $16.75.

(3)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

TERMPSREF

- 3 -

1    (5) If Plaintiff does not either obtain a waiver of service of the summons or
2 complete service of the Summons and Complaint on Defendant within 120 days of the filing
3 of the Complaint or within 60 days of the filing of this Order, whichever is later, the action
4 may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

5    (6) The United States Marshal must retain the Summons, a copy of the Complaint,
6 and a copy of this Order for future use.

7    (7) The United States Marshal must notify Defendant of the commencement of this
8 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
9 Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The
10 Marshal must immediately file requests for waivers that were returned as undeliverable and
11 waivers of service of the summons. If a waiver of service of summons is not returned by
12 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
13 Marshal must:

14    (a) personally serve copies of the Summons, Complaint, and this Order upon
15    Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

16    (b) within 10 days after personal service is effected, file the return of service
17    for Defendant, along with evidence of the attempt to secure a waiver of service of the
18    summons and of the costs subsequently incurred in effecting service upon Defendant.
19    The costs of service must be enumerated on the return of service form (USM-285) and
20    must include the costs incurred by the Marshal for photocopying additional copies of
21    the Summons, Complaint, or this Order and for preparing new process receipt and
22    return forms (USM-285), if required. Costs of service will be taxed against the
23    personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of
24    Civil Procedure, unless otherwise ordered by the Court.

25    (8) **If Defendant agrees to waive service of the Summons and Complaint, he**
26 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

1     (9)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

    (10)    This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 20th day of February, 2007.

_____
Stephen M. McNamee
United States District Judge