**WO**                                                                                    JDN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Herlindo Fuentes-Ramos, | No. CV 07-0098-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Herlindo Fuentes-Ramos brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. #1). Before the Court are Defendant's Motion to Consolidate and Dismiss (Doc. #8) and Plaintiff's Motion to Voluntarily Dismiss Without Prejudice (Doc. #11). The Court will grant Plaintiff's motion and deny Defendant's motion as moot.

**I.     Background**

Plaintiff's claim arose during his confinement in the Maricopa County jails (Doc. #1). Plaintiff alleged that the conditions, including severe overcrowding (Count I), limited access to the day room (Count II), and excessive noise (Count III), violated his Eighth and Fourteenth Amendment rights (id.). The Court ordered an answer, and Defendant filed a Motion to Consolidate and Dismiss (Doc. ##4, 8).

In his motion, Defendant requested that the Court consolidate this case with CV 06-2803-PHX-SMM (JRI) because the two cases allege similar violations (Doc. #8). Defendant also moved to dismiss the action on the basis that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (id.

at 4-5).  In support, Defendant submitted the affidavit of Susan Fisher, a Sergeant with the Inmate Hearing Unit, and excerpts of Policy DJ-3, the Inmate Grievance Procedure (id., Exs. A-B).  Fisher attested that during his incarceration in the county jail facilities, Plaintiff filed just one grievance, which was resolved informally by the shift supervisor (id., Fisher Aff. ¶¶ 8-9).  Defendant raised two other grounds for dismissal: (1) Plaintiff did not show a physical injury as required under the PLRA, and (2) Plaintiff is not entitled to punitive damages (id. at 6).

The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #9).[1]  In lieu of a response, Plaintiff moved to voluntarily dismiss this action without prejudice (Doc. #11). He contended that his failure to exhaust administrative remedies stemmed from fear of retaliation by officers at the jail (id. at 1).  He requested a voluntary dismissal so that he may comply with the PLRA exhaustion requirements and obtain the necessary documents to demonstrate physical injury (id. at 2).  Defendant did not oppose voluntary dismissal, however, Defendant argued that dismissal should be with prejudice for the reasons set forth in his motion for consolidation and dismissal (Doc. #12).

**II.     Motion to Consolidate**

Federal Rule of Civil Procedure 42 provides that when actions involving a common question of law or fact are pending before the Court, they may be consolidated.  The case Defendant seeks to consolidate with this action, CV 06-2803-PHX-SMM (JRI), has been terminated.  As such, the request to consolidate the two actions will be denied as moot.

**III.    Voluntary Dismissal**

Under Rule 41(a)(2), if the defendant has answered or filed a dispositive motion, the plaintiff may not dismiss an action except by court order and under such terms and conditions as the court deems proper.  A Rule 41(a)(2) dismissal is without prejudice, unless the order

---

[1]Notice required under <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

1   specifies otherwise.  Fed. R. Civ. P. 41(a)(2).  Ninth Circuit law provides that "[a] district

2   court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant

3   can show that it will suffer some plain legal prejudice as a result."  Smith v. Lenches, 263

4   F.3d 972, 975 (9th Cir. 2001).

5       Defendant makes no showing that he will suffer legal prejudice from a voluntary

6   dismissal.  Indeed, he does not oppose Plaintiff's motion except to the extent that he contends

7   dismissal should be with prejudice on the grounds that Plaintiff failed to exhaust, did not

8   demonstrate physical injury, and is not entitled to punitive damages (Doc. #12, citing Doc.

9   #8).  But when dismissal is based on failure to exhaust administrative remedies, the dismissal

10  should be without prejudice.  Wyatt, 315 F.3d at 1120.  Assuming, *arguendo*, that the Court

11  were to grant Defendant's motion to dismiss on the merits, the dismissal would be without

12  prejudice.  Thus, there are no grounds presented that warrant dismissal with prejudice.  The

13  Court will therefore grant Plaintiff's motion to voluntarily dismiss this action.

14  **IV.   Motion to Dismiss**

15      In light of the Court's decision to grant Plaintiff's motion for voluntary dismissal,

16  Defendant's motion to dismiss will be denied as moot.

17  **IT IS ORDERED:**

18      (1) Defendant's Motion to Consolidate and Dismiss (Doc. #8) is **DENIED**.

19      (2) Plaintiff's Motion to Voluntarily Dismiss Without Prejudice (Doc. #11) is

20  **GRANTED.**

21      (3) The Clerk of Court must dismiss this action without prejudice and enter judgment

22  accordingly.

23      DATED this 22nd day of October, 2007.

24

25

26  _____

27  Stephen M. McNamee
    United States District Judge

28                              - 3 -